■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GARY J. SICKLER, JR., Appellant.— Appeal by defendant from a judgment of the County Court, Dutchess County, rendered April 16, 1969 on resentence, sentencing him to an indeterminate term of imprisonment with a minimum of one day and a maximum of life, upon a conviction for rape in the first degree." Judgment reversed, on the law; resentence vacated; and case remanded to the County Court for resentence in accordance with section 2189-a of the former Penal Law. The findings of fact below have not been considered. In 1959 defendant was initially sentenced for rape in the first degree to an indeterminate term of imprisonment of one day to life. On the previous appeal of defendant in a habeas corpus proceeding, in which he attacked that sentence (*People ex rel. Sickler* v. *Follette,* 31 A D 2d 538), we held, *inter alia,* that the psychiatric report before the sentencing court in 1959 did not comply with section 2189-a of the former Penal Law, because it did not discuss and analyze defendant's sexual problem (citing *People* v. *Bailey,* 21 N Y 2d 588). We therefore vacated the 1959 sentence and directed that defendant be resentenced following an examination and preparation of a report of the kind described in *Bailey* (*supra*). We are constrained to hold that the psychiatric report on which the resentencing was based likewise does not comply with the above-cited section. Although some of the report's passages are couched in the language used in *Bailey,* it is nonetheless fatally defective since it does not discuss and analyze defendant's sexual

problems and is also devoid of sufficient evidence or facts to support a conclusion that defendant is a danger to society or is capable of being benefited by special treatment envisioned under the statutory scheme (*People* v. *Bailey, supra*). Therefore, we must once again remand, with the further admonition that defendant be resentenced following an examination and preparation of a report in accordance with the essential requirements described in *Bailey*. Christ, Acting P. J., Brennan, Rabin, Hopkins and Munder, JJ., concur.